**WARREN VENZEN, a/k/a ABDULLA AAZIM MUHAMMAD, Plaintiff**

**v.**

**EARL ABRAHAM, JOSE ENCARNACION, and GOVERN-MENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 77-275

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 23, 1981

MARIA T. HODGE, ESQ., St. Thomas, V.I., *for plaintiff*

DARYL CAMERON BARNES, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## OPINION

This matter was tried before the Court on July 8, 1980. The Court, having fully considered the evidence submitted through testimony and exhibits, concludes that judgment should be entered in favor of the defendants.

## I. FACTUAL BACKGROUND

On and prior to February 22, 1977, the plaintiff and an associate, Yusef Ali Abdur-Rhaman, operated a fruit and vegetable stand in Market Square, Charlotte Amalie, St. Thomas, Virgin Islands. The plaintiff is a practicing Muslim, and in accordance with his understanding of the requirements of his faith, his daily attire consists of a white floor-length robe and skull cap. Because the plaintiff dons such unusual attire in a historic area frequented by a large number of tourists, the plaintiff often finds himself the subject of tourist photography, much to his disgust and displeasure.

The plaintiff's dislike of having his picture taken prompted him to place a large sign in front of his fruit and vegetable stand which stated the following:

> I am a Muslim, not your model. No photographs please. (signed) Abdullah Aazim Muhammad.

On February 22, 1977, the plaintiff noticed two tourists with cameras in the vicinity of his stand, one of whom had his camera pointed in the plaintiff's direction. The plaintiff turned to Officer Encarnacion,

who was in the vicinity of his stand, requested that he help the plaintiff obtain his "picture" from the tourist, and then proceeded to run after the tourist to try and get the roll of film from the tourist that allegedly had his picture on it. In the presence of Officer Encarnacion, the plaintiff grabbed the camera from the tourist, and refused to give the camera back to the tourist when requested by Officer Encarnacion so to do. Officer Encarnacion then attempted to wrest the camera away from plaintiff, and in the process, grasped on to the plaintiff's garments. The plaintiff succeeded in freeing himself from Officer Encarnacion's hold and thereupon left the scene, stating that he was proceeding to Fort Christian to register a complaint.

Upon his arrival at Fort Christian, the plaintiff returned the tourist's camera to an officer of the Department of Public Safety, sans film. Subsequently, Officer Encarnacion arrived at Fort Christian and arrested the plaintiff for delaying and obstructing a police officer in the discharge of his duty. The plaintiff was jailed and bail was set. The plaintiff was released several hours later after the proper amount and form of bail was posted. The charges against the plaintiff were later dismissed as the Attorney General's Office decided not to prosecute.

The plaintiff has alleged that subsequent to his arrest on February 22, 1977, an officer of the Department of Public Safety removed the sign, that enjoined the taking of his picture, from the front of his fruit and vegetable stand. The plaintiff also contends that for several months after the incident of February 22, 1977, the Department of Public Safety prohibited the plaintiff from personally selling fruits and vegetables in Market Square, and only permitted the plaintiff's associate, Yusef Ali Abdur-Rhaman, to do the actual selling of the produce to the public. However, the officers of the Department of Public Safety dispute these assertions. As the plaintiff did not produce sufficient evidence to sustain these allegations, the plaintiff failed in his burden of proof, and therefore his causes of action based on those two allegations cannot stand.

## II. THE LAW

The plaintiff contends that he has proven the facts necessary to constitute a cause of action for an invasion of his right of privacy. The right of privacy, which is essentially the right to be left alone, has been construed to protect from invasion four separate and distinct interests of a plaintiff. The four branches of privacy include the following: protection of the plaintiff's name or likeness from

appropriation by the defendant for the latter's commercial benefit or advantage; protection of the plaintiff from intrusion upon his physical solitude or seclusion; protection of the plaintiff from the public disclosure by the defendant of private information about the plaintiff; and protection of the plaintiff from publicity which places the plaintiff in a false light in the public eye. See W. Prosser, Law of Torts § 117 (4th Ed. 1971). The plaintiff argues that his right to protection from intrusion upon his physical solitude or seclusion includes a right of protection against tourists who take his photograph in Market Square against his wishes. The Court disagrees with the plaintiff's legal analysis for two reasons.

██ First, even if the plaintiff had such a cause of action, the defendants; two officers of the Department of Public Safety and the Government of the Virgin Islands, would not be the parties from whom the plaintiff could obtain relief. Rather, the plaintiff would have to proceed against the tourists who took his picture and allegedly violated the plaintiff's constitutional rights. More important, however, is the fact that the plaintiff does not have a statutory right, common law right, nor a constitutional right of protection against having his picture taken in a public place.

██ The Virgin Islands has no statute which addresses itself to the issue of this case. Therefore, pursuant to the mandate of 1 V.I.C. § 4,[1] the rule expressed in the Restatement (Second) of Torts § 652B is controlling. That section provides as follows:

§ 652B. *Intrusion upon Seclusion*

One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

Comment c to § 652B contains the following explanation of the provision.

The defendant is subject to liability under the rule stated in this section only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs . . . . *Nor is there liability for*

---

[1] 1 V.I.C. § 4 provides the following in pertinent part:

The rules of the common law, as expressed in the restatement of the law approved by the American Law Institute . . . [are] the rules of decision in the courts of the Virgin Islands in cases to which they apply . . . .

*observing him or even taking his photograph while he is walking on the public highway,* since he is not then in seclusion, and his appearance is public and open to the public eye. (Emphasis added.)

Other authorities, which have analyzed the decision of various jurisdictions on this issue, reach the same conclusion as the American Law Institute regarding the scope of the common law right of protection from intrusion upon seclusion. See, e.g., W. Prosser, supra at 808–09 (it is not an invasion of privacy to take a person's photograph in a public place); 86 A.L.R.3d 374, 378–79 ("[t]aking pictures of a person in public places does not seem to violate that person's right to privacy even though it is without his consent and may disturb him").

■ We conclude also that the plaintiff has no constitutional right of protection against having his picture taken in a public place. Several courts have found that the United State Constitution creates a right of privacy. See Gallela v. Onassis, 353 F.Supp. 196, 231–33 (S.D.N.Y. 1972) and cases cited therein; W. Prosser, supra, at 816–17. However, the constitutional right of privacy is still in its initial stages of development. See W. Prosser, supra, at 816 C. It certainly has not been construed to surpass the extent of the common law protection against intrusion upon seclusion so that it would encompass the protection of the plaintiff from unauthorized photography in public places.

The defendants will submit a proposed judgment to this Court consistent with all the foregoing. The parties will bear their respective costs.